IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FLOYD PLEASANT TARVIN, IV, <br> (TDCJ-CID #1123659) <br><br> Petitioner, <br><br> VS. <br><br> RICK THALER, <br><br> Respondent. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br><br><br><br><br> CIVIL ACTION NO. H-13-1468 |

## MEMORANDUM AND OPINION

The petitioner, Floyd Pleasant Tarvin, IV, has filed a federal petition for a writ of habeas corpus under 28 U.S.C. § 2254. He challenges a 2002 conviction in the 351st Judicial District Court of Harris County, Texas. For the reasons discussed below, the court finds that this petition should be dismissed for lack of jurisdiction because it is a successive petition filed without the Circuit Court's permission.

On May 22, 2002, a jury of the 351st Judicial District Court of Harris County, Texas convicted Tarvin of the felony offense of driving while intoxicated. (Cause No. 881716). The court found two enhancement paragraphs to be true and sentenced Tarvin to a 60-year prison term. The First Court of Appeals affirmed Tarvin's conviction and sentence on February 19, 2004. The Texas Court of Criminal Appeals refused Tarvin's petition for discretionary review on September 15, 2004.

On October 17, 2011, Tarvin filed a federal petition (Civil Action No. 4-11-3698) challenging his conviction and sentence imposed in Cause Number 881716. On June 12, 2012, the federal court dismissed the petition because it was filed too late.

On May 17, 2013, this court received Tarvin's second federal habeas petition. Tarvin claims he is entitled to habeas relief based on "hypothecation." (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, p. 6). Construed liberally, he argues that his criminal case should be closed. This second habeas petition must be dismissed because it is a successive filing.

A district court may raise on its own the issue of whether a habeas corpus petition is successive. *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997). The federal court dismissed Tarvin's earlier federal petition, Civil Action Number 4:11-3698, as time-barred. The dismissal of a § 2255 petition as untimely under AEDPA is a "permanent and incurable" bar to federal review of the merits of the claim. The bar is permanent because, unlike cases in which a habeas or § 2255 petition is dismissed without prejudice for failure to exhaust or as premature, a time-bar cannot be corrected. A case dismissed as time-barred under AEDPA is an adjudication on the merits that makes a second petition challenging the same conviction or sentence successive. *See In re Flowers*, 595 F.3d 204 (5th Cir. 2009).

This court lacks jurisdiction to consider Tarvin's petition as it is a "successive" application governed by 28 U.S.C. § 2244(b)(3)(A) (1998), which requires that the Fifth Circuit authorize the district court to consider the application before it is filed in the district court. The statute states: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Before Tarvin can file a second or successive application in this court, he must file a motion for an order authorizing this court to consider his successive application in the United States Court of Appeals for the Fifth Circuit. There is no indication that the United States Court of Appeals for the Fifth Circuit has authorized this court to consider Tarvin's successive

application. This court lacks jurisdiction to consider Tarvin's habeas claims. Tarvin's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is dismissed for lack of jurisdiction, and any remaining pending motions are denied as moot.

No Certificate of Appealability will issue. The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel*, 429 U.S. 473, 483 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Clark v. Johnson*, 202 F.3d 760, 763 (5th Cir. 2000). When, as here, the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a Certificate of Appealability should not issue unless the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Rudd v. Johnson*, 256 F.3d 317, 319 (5th Cir. 2001) (citing *Slack*, 529 U.S. at 484). Tarvin has not made the necessary showing. A Certificate of Appealability is denied.

SIGNED on May 28, 2013, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge